IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PETE EDWARD CHANDLER #1028157 | § | |
| | § | |
| V. | § | A-21-CV-410-RP |
| | § | |
| CINDY A. MONTES, et al. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Statement of the Case**

Before the Court is Plaintiff Pete Edward Chandler's civil rights complaint. Plaintiff is incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division and has been granted leave to proceed *in forma pauperis*.

According to Plaintiff, Parole Officer Cindy A. Montes and Parole Supervisor Vanessa Lujuan failed to sign a violation report regarding Plaintiff's parole. Plaintiff alleges Robert Harkrider approved a warrant based on the unsigned violation report. Plaintiff's parole was apparently revoked after a hearing. He claims he made numerous requests to the Texas Board of Pardons and Paroles for a hearing report, and no one sent him documents per his request. Plaintiff

1

maintains he needs the requested documents to appeal the revocation of his parole. He additionally claims someone in the Corpus Christi Parole Office changed his TDCJ number.

Plaintiff sues Cindy A. Montes, Vanessa Lujuan, Robert Harkrider, the Texas Board of Pardons and Paroles, the Corpus Christi Parole Division and the Wichita County Parole Division. The only relief he seeks is an order requiring the Board of Pardons and Paroles to provide him with a copy of his hearing report and results so he may file a motion to reopen his revocation hearing.

## II. Discussion and Analysis

1. Standard of Review

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the Court must dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S.

at 555. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient to state a claim upon which relief may be granted. *Id.*

2. <u>Mandamus Relief</u>

As stated above, Plaintiff requests this Court to order the Board of Pardons and Paroles to provide him a copy of his parole revocation hearing report and results. Plaintiff's request is construed as a request for mandamus relief.

Although the writ of mandamus was abolished by Fed. R. Civ. P. 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. 28 U.S.C. § 1651. Actions in the nature of mandamus are provided for in 28 U.S.C. § 1361, which states as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Federal district courts do not have jurisdiction to issue the writ against a state actor or agency. *See generally Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275 (5th Cir. 1973); *accord, Noble v. Cain*, 123 Fed. Appx. 151 (5th Cir. Feb.16, 2005) (available at 2005 WL 361818) (citing *Moye* to hold federal mandamus relief is not available to direct state officials in the performance of their duties). As such, mandamus relief is not available to compel or direct the actions of state officials or other non-federal employees. *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969). Thus, the Court is without jurisdiction over Plaintiff's request.

3. <u>Eleventh Amendment Immunity</u>

The Court additionally notes the Texas Board of Pardons and Paroles, the Corpus Christi Parole Division, and the Wichita County Parole Division are immune under the Eleventh Amendment. *Talib v. Gulley*, 138 F.3d 211, 213 (5th Cir. 1998); *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995). Pursuant to the Eleventh Amendment, federal courts are without jurisdiction over suits against a state agency unless that state has waived its sovereign immunity or Congress has clearly abrogated it. *Moore v. La. Bd. of Elementary and Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014).

4. <u>Habeas Corpus Relief</u>

The Court does not construe Plaintiff's complaint as a request for habeas corpus relief. In his complaint he does not ask the Court to overturn his revocation proceeding. Rather, Plaintiff appears to recognize he must first exhaust his state court remedies prior to seeking habeas corpus relief and indicates his intent to file with the Board of Pardons and Paroles a motion to reopen his revocation hearing.

Moreover, venue over a request for habeas corpus relief would be improper in this Court. Venue is proper in a habeas corpus action in either the district court where the petitioner is in custody or in the district within which the petitioner was convicted and sentenced. 28 U.S.C. § 2241(d). Plaintiff was convicted in Montague County, which is within the geographical boundaries of the Wichita Falls Division of the Northern District of Texas. He is currently confined in the Byrd Unit, which is within the geographical boundaries of the Houston Division of the Southern District of Texas.

### III. Recommendation

It is therefore recommended that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction pursuant to 28 U.S.C. § 1915(e).

### IV. Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on June 24, 2021.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE